Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

Beatriz Ramirez, *individually*

                *Plaintiff,*          **COMPLAINT**

New Giant Laundry Center Inc (d/b/a New Giant
Laundry Center), Grace Park & James Changho Park
              -against-          **ECF Case**

               *Defendants.*          **JURY TRIAL**
-----------------------------------------------------------------X          **DEMANDED**

Beatriz Ramirez, bring this complaint against Defendants New Giant Laundry Center Inc (d/b/a New Giant Laundry Center ), Grace Park & James Changho Park (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

## NATURE OF ACTION

1. This Complaint seeks to recover minimum wage, overtime compensation, spread-of-hours pay, unlawful deductions damages for Plaintiff.

2. Plaintiff is an employee of Defendants who is employed as a laundry worker.

1

3. As described herein, Individual Defendants Grace Park & James Changho Park, ("Individual Defendants") employ Plaintiff for the purposes of the instant claims.

4. New Giant Laundry Center Inc (d/b/a New Giant Laundry Center) is a company with a principal place of business in 113-20 Richmond Hill, Jamaica NY 11418.

5. Defendant Grace Park & James Changho Park operate and control Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

6. At all relevant times, Plaintiff regularly work for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that they worked

7. At all relevant times, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

9. Plaintiff now bring this Action on behalf of themselves for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

10. In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiff' state-law claims pursuant to 28 USC § 1367.

12. This Court also has jurisdiction over Plaintiff' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

14. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiff reside in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## PARTIES

*Plaintiff*

15. Plaintiff Beatriz Ramirez ("Plaintiff Ramirez") is an adult individual residing in Brooklyn, NY. Plaintiff Ramirez has been employed by Defendants from on or June 2018 until the present time. At all relevant times to this complaint, Plaintiff Ramirez has been employed Defendants as a Laundry Worker.

16. Plaintiff consents to be parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein on behalf of themselves.

*Defendants*

17. Individual Defendants have owned, operated and controlled New Giant Laundry Center Inc at all times relevant to this complaint.

18. On information and belief, New Giant Laundry Center Inc is a corporation organized and existing under the laws of the State of New York with principal place of business in Richmond Hill, NY

19. Upon information and belief New Giant Laundry Center Inc individually has more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

20. On information and belief, the operations of New Giant Laundry Center Inc individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on food and produce that has been transported across state lines.

21. Defendants Grace Park & James Changho Park are individuals who have been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and he is sued individually. Defendant Grace Park & James Changho Park have possessed and exercised operational control over Defendant Corporations, for example, they have at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Grace Park & James Changho Park have a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. At relevant times, each Corporate Defendant possessed substantial control over Plaintiff' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

24. Corporate Defendants jointly employed Plaintiff and are their employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Corporate Defendants constitute a single employer of Plaintiff as the corporate divisions between them are fictional.

26. At all relevant times, Individual Defendants were Plaintiff' employers within the meaning of the FLSA, NYLL and other law.

27. Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff' services.

28. Individual Defendants supervised Plaintiff' work schedules and conditions of his employment.

29. Individual Defendants also determined the rate and method of payment for Plaintiff.

30. Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

### *Individual Plaintiff Beatriz Ramirez*

31. Plaintiff is an employee of Defendants, primarily employed in performing the duties of washing clothes at Defendant's Laundromat in Richmond Hill, NY.

32. Plaintiff did not work at her own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at her pleasure, but rather was controlled by Defendants.

33. Plaintiff did not have to "punch in" or "punch out", but did have to sign a sheet every time she received payment from defendants.

34. Plaintiff worked a schedule for Defendants from 7:00am until 8:00am and sometimes 9:00am and 10:00am. Or approximately (56) fifty-six hours per week.

35. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff' employment for Defendants was physical labor. Plaintiff did not receive salary and their primary duties

36. Plaintiff Ramirez was employed by Defendants from approximately June 2018.

37. Plaintiff Ramirez regularly handled goods in interstate commerce, such as detergent at that were necessary to perform her work and that were produced outside of the State of New York.

38. Plaintiff Ramirez 's work duties required neither discretion nor independent judgment.

39. Throughout her employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

40. From approximately June 2018 until December 2019 Plaintiff Ramirez was paid $80 per shift, which was typically from 7:00 am until on or about 9:00 am.

41. From approximately December 2019 until the present time, Plaintiff Ramirez has been paid $90 per shift, which is typically from 7:00 am until on or about 9:00 am or 10:00 am or 56 Hours per week.

42. Defendants did not provide Plaintiff with a break period at all.

43. Defendants did not provide Plaintiff Ramirez with each payment of her wages an accurate statement of wages, as required by NYLL 195(3).

44. Defendants never provided Plaintiff Ramirez with a written notice, in English and in Spanish (Plaintiff Ramirez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

45. Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours compensation.

46. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty (40) hours per week without paying them appropriate overtime compensation or spread of hours compensation, as required by federal and state laws.

47. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

48. By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

49. Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff' relative lack of sophistication in wage and hour laws.

50. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

51. Defendants did not provide Plaintiff with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

52. Defendants failed to provide Plaintiff with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

53. Defendants failed to provide Plaintiff, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime/Unlawful Deduction/Recordkeeping Provisions)**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff control the terms and conditions of employment and determine the rate and method of any compensation in exchange for their employment.

56. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

57. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

58. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

59. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

60. Defendants failed to satisfy the FLSA's recordkeeping requirements.

61. Defendants acted willfully in their violations of the FLSA's requirements.

62. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL)**

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

65. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

66. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

67. Plaintiff is damaged in an amount to be determined at trial.

68. Plaintiff repeatss and realleges all paragraphs above as though fully set forth herein.

69. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

70. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

71. Plaintiff is damaged in an amount to be determined at trial.

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

74. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

75. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

76. Defendants acted willfully in violation of the above-described NYLL requirements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

(b) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.

(d) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff.

(g) Declaring that Defendants have violated the Spread of Hours Wage Order of the

New York Commission of Labor as to Plaintiff.

 (h) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

 (i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff.

 (j) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

 (k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

 (l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

 (m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

 (n) Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

 (o) All such other and further relief as the Court deems just and proper.

Dated: New York, New York  
April 4, 2020

         LINA STILLMAN, ESQ.

          /s/ *Lina Stillman*  
         By: STILLMAN LEGAL, P.C